## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 25 2017, 8:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James A. Pequignot, Jr., *Appellant-Defendant,* | August 25, 2017 |
| | Court of Appeals Case No. 02A05-1703-CR-531 |
| v. | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Frances C. Gull, Judge |
| | Trial Court Cause No. 02D06-1601-F6-8 |

**Barnes, Judge.**

## Case Summary

[1] James Pequignot, Jr., appeals the trial court's decision revoking his probation and ordering him to serve the remainder of his previously-suspended sentence in the Department of Correction ("DOC"). We affirm.

## Issue

[2] Pequignot raises one issue, which we restate as whether the trial court abused its discretion by requiring him to serve the remainder of his previously-suspended two-year sentence in the DOC as opposed to an alternative placement.

## Facts

[3] On July 21, 2015, Pequignot entered a Lowes home improvement store in Allen County, Indiana, and stole a roll of wire valued at $161.00. Pequignot had a prior conviction for Class D felony theft from 1995. Pequignot was charged and pled guilty to Level 6 felony theft with a prior conviction for theft. He was sentenced to two years suspended to probation. He started his two-year term of probation on February 25, 2016. On April 29, 2016, the State filed a petition to revoke Pequignot's probation, alleging that he did not successfully complete community control and failed to complete home detention intake.

[4] On May 23, 2016, while still on probation but after the petition to revoke his probation had been filed, Pequignot was involved in an altercation with the police. Pequignot was driving, and a police officer initiated a traffic stop. Pequignot eventually stopped his vehicle but then drove away from the officer, stopped his vehicle a second time, and exited the vehicle and fled on foot.

Pequignot was apprehended but resisted officers' attempts to take him into custody. Pequignot's blood alcohol level was found to be above the legal limit. Based upon the incident, on May 27, 2016, Pequignot was charged with two counts of Level 6 felony resisting law enforcement, Class A misdemeanor resisting law enforcement, Class A misdemeanor operating a vehicle while intoxicated, and Class C misdemeanor operating a vehicle with .08 or more alcohol concentration equivalent in blood or breath.

[5] Pequignot pled guilty to the new criminal charges. An amended petition to revoke his probation was filed on June 2, 2016. The trial court took Pequignot's guilty plea under advisement and placed him in a drug court program.

[6] Pequignot entered the drug court program on July 11, 2016. While in the program, he missed three drug screens; he provided three diluted drug screens; he had a positive drug screen for alcohol and cocaine in August 2016; he failed to complete transitional living; and he failed to appear in court when required. Pequignot absconded from the program and the jurisdiction for a period of four months.

[7] The State filed a petition to terminate Pequignot's participation in the drug court program. Pequignot admitted to the allegations in the petition and in the amended petition for probation revocation. On January 3, 2017, the trial court found that Pequignot violated the terms of the drug court program and revoked him from the program. On February 8, 2017, the trial court revoked

Pequignot's probation and ordered the remainder of his previously-suspended two-year sentence to be served in the DOC. Pequignot now appeals.

## Analysis

[8] Pequignot argues that the trial court abused its discretion by ordering him to serve the remainder of his previously-suspended two-year sentence for theft in the DOC as opposed to an alternative placement such as home detention at a halfway house. In general, we review a challenge to a trial court's sentence for an abuse of discretion. *Adams v. State*, 960 N.E.2d 793, 796 (Ind. 2012) (citing *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). "An abuse of discretion occurs when the decision clearly contravenes the logic and effect of the facts and circumstances before the court." *Id*. at 796-97. Likewise, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). A defendant is not entitled to serve a sentence in either probation or a community corrections program. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right. *Id*.

[9] Pequignot argues that his placement in the DOC was an abuse of discretion because a "report had been filed indicating that he was eligible for placement at [a halfway house] and he requested that the Court allow him that opportunity." Appellant's Br. p. 11. He maintains that "it was unreasonable for the Court to deny him the opportunity to complete the executed portion of his sentence

through alternative placement on detention at the [halfway house]." *Id.* However, approximately three months after he started probation, Pequignot committed new criminal offenses. Approximately six months after starting probation, Pequignot failed to submit to three urine drug screens, tested positive for alcohol and cocaine on one urine drug screen, and provided three diluted drug screens. While enrolled in the drug court program, Pequignot absconded from the program and the jurisdiction for a period of four months. Although Pequignot suffers from substance abuse, as the trial court explained to him at his sentencing hearing:

> You've been given the benefit of every program that's available here in Allen County: Probation, jail, parole, the Department of Correction, the Alcohol Abuse Deterrent Program, the Alcohol Countermeasures Program, work release, home detention, Community Transition Program, as well as the Drug Court Program; . . . You've had multiple attempts at treatment, your probation's been revoked four times, suspended sentences modified three times, suspended sentences revoked twice. Your parole's been revoked once and work release placement revoked once; . . . And I note you've had, again, multiple attempts at treatment through various agencies, both here in Allen County and in Indianapolis at Fairbanks . . . in 1997; Charter Beacon, Fort Wayne, Indiana, in 1999; Washington House in 2004, as well as other efforts at rehabilitation.

Tr. pp. 20-21. Under these circumstances, Pequignot has not established that the trial court abused its discretion in ordering him to serve the remainder of his two-year sentence for theft in the DOC.

## Conclusion

[10] The trial court did not abuse its discretion by revoking Pequignot's probation and ordering him to serve the remainder of his previously-suspended two-year sentence in the DOC. We affirm.

[11] Affirmed.

Baker, J., and Crone, J., concur.